**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**FIT EXPRESS, INC.**                                                                                  **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO.: 1:07cv62-SA-JAD**

**THE CIRCUIT– TOTAL FITNESS, et al.**                                     **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Presently before the Court is Defendants' Motion to Dismiss and Motion to Compel Arbitration of Plaintiff's Complaint [13]. The Court will also address Defendants' Motion to Dismiss Plaintiff's Amended Counterclaims, or Alternatively, to Compel Arbitration of Plaintiff's Amended Counterclaims [32][1]. Because Plaintiff's Counterclaims were amended, Defendants' previously filed Motion to Dismiss and Motion to Compel Arbitration of Plaintiff's Counterclaims [23] is denied as moot.

**I. Motion to Dismiss Complaint**

Plaintiff Fit Express filed suit on March 20, 2007, against The Circuit, Core Sports Performance, Karen Martin, Cory Schock, and Terry Koehler alleging patent infringement, breach of contract, and interference with contract and business relations. On June 20, 2007, Defendants answered, and The Circuit asserted a counterclaim against Fit Express for patent infringement. Concurrent with their Answer, Defendants filed their Motion to Dismiss and Motion to Compel Arbitration of the Complaint.

The standard this Court employs in deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is well-settled. The district court must accept all well-pleaded facts as

---

[1] Also before the Court is the Plaintiff's Motion for Leave to File Surreply to Defendants' Motion to Dismiss and Motion to Compel Arbitration [20]. Upon due consideration, the Court finds that Plaintiff's motion should be granted; the Court considered the proffered surreply in considering the Defendants' Motion to Dismiss and Motion to Compel Arbitration.

true and view them in the light most favorable to the plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1992) (citing McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992)). "The court may not look beyond the pleadings in ruling on the motion." Baker, 75 F.3d at 197. Where a movant submits matters outside the pleadings along with its motion to dismiss, and those matters are not excluded by the court, the court must convert a motion to dismiss into a motion for summary judgment. Bolen v. Dengel, 340 F.3d 300, 312 (5th Cir. 2003). Because there have been matters submitted outside the pleadings, the Court will consider Defendant's Motion to Dismiss the Complaint and Counterclaims under the summary judgment standard.[2]

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (the burden on the moving party may be discharged by "showing . . . that there is an absence of evidence to support the non-moving party's case."). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct 2548. That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Rule 56 (c) mandates the entry of summary judgment "against a party who fails to make a

---

[2] There is a dispute amongst the parties as to whether the Complaint alleges fraud in an assignment thereby allowing Defendants to attach said assignment to their Answer. Plaintiff argues it was providing the Court with full disclosure and explaining Defendants' anticipated response. The Court agrees with the Plaintiff that the Complaint does not allege fraud in an assignment and holds that Exhibit 1(consisting of the Assignment and Assignment Agreement) should be stricken from Defendants Answer. Because the Assignment and Assignment Agreement were attached to Defendants' Motion to Dismiss, the motion will be treated as one for summary judgment.

2

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof on trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 536 (1986).

At this juncture, the Court finds that the Defendants' Motion for Summary Judgment as to the Complaint is premature. When the Defendants filed this motion, the parties had not participated in any discovery. Although Rule 56 allows a party to move for summary judgment "at any time" the granting of summary judgment is limited until "after adequate time for discovery." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548. A grant of summary judgment is premature and improper when basic discovery has not been completed. 10 B CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2741 at 412-419 (3d. 1998). As such, the Court finds that the motion for summary judgment is premature. However, the Defendants will be allowed to resubmit their motion for summary judgment at the close of discovery.

Accordingly, the Court denies, without prejudice, Defendants' Motion to Dismiss the Complaint, which this Court construes as one for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## II. Motion to Dismiss Amended Counterclaims

The Circuit asserted a counterclaim against Fit Express alleging patent infringement. In response to The Circuit's counterclaim, Fit Express counterclaimed against The Circuit, Cori Schock, and Karen Martin alleging breach of contract, fraud, and misrepresentation. Defendants then filed their Motion to Dismiss Plaintiff's Amended Counterclaims, or Alternatively, to Compel

Arbitration of Plaintiff's Amended Counterclaims.

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in light most favorable to the plaintiff. See Baker, 75 F.3d at 196; Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)).

Defendants argue that Plaintiff's amended counterclaims should be dismissed because they are subject to the same arbitration clause as Plaintiff's state law claims in Plaintiff's original Complaint. The Court addresses this issue below. Further, Defendant's contend that Plaintiff's amended counterclaims must be dismissed for the additional independent reason that they are permissive in nature, and the Court should decline to entertain them in this lawsuit.

Federal Rule of Civil Procedure 13 defines two possible categories of counterclaims, compulsory and permissive. FED. R. CIV. P. 13. Compulsory counterclaims "arise[] out of the same transaction or occurrence that is the subject matter of the opposing party's claim." Id. If a counterclaim is not compulsory, then it is permissive and must have an independent jurisdictional basis. Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1361 (5th Cir. 1979). The appropriate inquiry in determining whether a counterclaim is compulsory is to ask:

    1) whether the issues of fact and law raised by the claim and counterclaim largely are the same;

    2) whether res judicata would bar a subsequent suit on [Fit Express's] claim absent the compulsory counterclaim rule;

4

3) whether substantially the same evidence will support or refute [The Circuit's] claim as well as [Fit Express's] counterclaim; and

4) whether there is any logical relationship between the claim and the counterclaim.

Park Club, Inc. v. Resolution Trust Corp., 967 F.2d 1053, 1058 (5th Cir. 1992) (citations omitted). The counterclaim is compulsory if there is an affirmative answer to **any** of the four questions. Id.

Here, The Circuit's claim involves patent infringement and Fit Express's counterclaims involve breach of contract, fraud, and misrepresentation. According to The Circuit, Fit Express's contract, fraud, and misrepresentation claims present substantially different factual, legal, and evidentiary questions from The Circuit's patent infringement claims, and so fail the logical relationship test as they do not arise from the same aggregate core of facts. Fit Express, on the other hand, argues that its counterclaims are compulsory because the first count of the counterclaim is for violation of the Assignment Agreement which is relied upon by The Circuit as a basis for their patent infringement claim. Further, as to the second count, Fit Express alleges fraud and misrepresentation with respect to the Assignment Agreement which is again relied upon by The Circuit for their patent infringement claim.

The Court agrees with Fit Express that its counterclaims against The Circuit are compulsory. First, a logical relationship exists between the patent infringement claim and for the counterclaims for breach of contract, fraud, and misrepresentation because they involve the validity and scope of the same Assignment Agreement. Moreover, res judicata would bar a subsequent suit for fraud and misrepresentation in connection with the alleged Assignment if not raised by Fit Express. Furthermore, the Court will hear substantially the same evidence to determine the validity of Assignment Agreement as it will to resolve Fit Express's counterclaims. Accordingly, Fit Express's counterclaims are compulsory, and therefore, The Circuit's Motion to Dismiss Plaintiff's Amended

Counterclaims is denied.

**III.    Motion to Compel Arbitration of Complaint and Amended Counterclaims**

After reviewing an exhaustive number of pleadings, the Court finds that Defendants' Motion to Compel Arbitration of the Complaint is granted as to Plaintiff's Count II for breach of contract.

The first question to be determined by the Court in deciding a motion to compel arbitration is whether the parties agreed to arbitrate the dispute in question. <u>Am. Heritage Life Ins. Co. v. Lang</u>, 321 F.3d 533, 537 (5th Cir. 2003). In answering this question, the court must determine "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." <u>Id.</u>

All parties agree that Count I of the Complaint is not subject to an arbitration clause. The arbitration clauses before the Court contain language explicitly excluding disputes as to the ownership of patent rights.

In Count II of the Complaint, Plaintiff alleges a breach of contract claim against The Circuit. Effective December 3, 2001, Fit Express and The Circuit entered the Manufacturing/Sales/Marketing/Distribution Agreement ("MSMDA"). Paragraph 3.3 of the MSMDA requires The Circuit to purchase an annual quota of FEI Equipment:

> <u>3.3 Quotas</u>.  Circuit shall purchase, at a minimum, FEI Equipment with aggregate retail list prices totaling two hundred forty thousand dollars ($240,000) during calendar year 2003, with a twenty-five percent (25%) increase in the quota during each subsequent calendar year.

Fit Express contends The Circuit continuously has failed to meet the annual quota requirements and therefore breached the MSMDA. Pursuant to an arbitration clause contained in the MSMDA, The Circuit urges this Court to compel arbitration of Count II. The MSMDA arbitration clause provides:

> With the exception of the ownership of patent rights, patent construction and any issues related to the application of or construction of patent laws and doctrines and the ownership of any intellectual property rights, all of which shall be adjudicated in the federal court system only, any dispute or claim arising out of or in connection with any provision of this Agreement shall be finally settled by binding arbitration in Minneapolis, Minnesota in accordance with the rules of the American Arbitration Association by one arbitrator appointed in accordance with said rules. The arbitrator shall apply Minnesota law, without reference to rules of conflicts of law or rules of statutory arbitration, to the resolution of any dispute.

Plaintiff does not dispute the MSMDA contract contains an arbitration clause, but contends rather, that the arbitration clause is unconscionable because of the forum selected (Minnesota) and the expense to the parties.

Forum selection clauses are presumptively valid and enforceable, unless unjust, unreasonable, procured through fraud or overreaching, or unless they would effectively deprive the opposing party of a meaningful day in court. M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)); see also; Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc., 320 N.W. 2d 886, 890 (Minn. 1982) (clause enforced unless opposing party can show enforcement "unfair or unreasonable."). Mere disparity in bargaining power or lack of opportunity to negotiate does not render a forum selection clause unenforceable. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991). "Where, as here, the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially 'heavy burden of proof' to avoid its bargain." Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006) (quoting Bremen, 407 U.S. at 17, 92 S. Ct. 1907).

Plaintiff has failed to sustain the "heavy burden of proof" required to set aside the clause on the ground of inconvenience. Carnival Cruise Lines, 499 U.S. at 595, 111 S. Ct. 1522. Therefore,

the Court concludes the forum selection clause is reasonable and must be enforced against Fit Express. Accordingly, Defendants' Motion to Compel Arbitration is granted as to Count II of Plaintiff's Complaint.

As to Counts III and IV of the Complaint and Plaintiff's amended counterclaims, the Motion to Compel Arbitration is denied. The issue of arbitration as to these claims revolve around and is dependent upon the existence of the "Assignment of Rights in Golf Swing Condition, Core Golf Trainer, and Instant Warm Up" Agreement ("Assignment Agreement"). Defendants argue the Assignment Agreement contains a valid and binding arbitration clause that subjects Plaintiff's claims and amended counterclaims to arbitration. However, the Court is not fully convinced. There have been three different versions of the Assignment Agreement presented to the Court. In the Answer to the Complaint, Defendants filed with this Court a 9-page document (VERSION 1) that was previously filed in the Unites States Patent Office consisting of:

(1) One page Recordation Form Cover Sheet signed by Cori Schock for The Circuit;

(2) Six page "Assignment of Rights in Golf Swing Conditioner, Core Golf Trainer and Instant Warm-up" which is not signed by the parties with Exhibit 1 to that document, which is entitled "Exhibit 1 Assignment of Patent Applications;"

(3) E-mail dated January 24, 2006, from Alan Darden (patent prosecuting attorney) to his secretary instructing her to relay certain information to Cori Schock (stating he was "not certain if this arrangement could be characterized as an assignment"); and

(4) Letter dated September 10, 2003, from Clint Stuart (assisting patent attorney) to Cori Schock (stating that "I am not certain if this arrangement could be characterized as an assignment").

By filing the document, The Circuit represented to the United States Patent Office that the unsigned "Assignment of Rights in Golf Swing Conditioner, Core Golf Trainer and Instant Warm-up" and the signed "Assignment of Patent Applications" constituted an assignment from Fit Express to

8

The Circuit. Page 5 of the Assignment Agreement filed with the Patent Office bears the document number "SEADOCS:145569.3"and contains two signature blocks, one for The Circuit and one for Fit Express. Neither party signed the document. Moreover, under the signature blocks, there is a hand-written note stating "Signature page follows: All signatures were faxed to the parties to save time – which explains the print quality." However, no signature page was attached to either the patent filing or the Court filing.

Contrary to VERSION 1 filed by Defendants, Plaintiff presented to the Court VERSION 2 of the Assignment Agreement which was signed by The Circuit, but not signed by Fit Express. Plaintiff argues VERSION 2 evidences the parties' failed attempt to reach a meeting of the minds. VERSION 2 bears the same document number, SEADOCS: 145569.3, as VERSION 1, and has a signature block on page 4, as opposed to page 5 in VERSION 1.

Oddly, five months after litigation commenced and eighteen months after the patent filing, Defendants produced Assignment Agreement VERSION 3 which is signed by both The Circuit and Fit Express. Defendants offer no explanation to the Court for the delay in production of VERSION 3, or why VERSION 1, rather than VERSION 3,was filed with the patent office and this Court. VERSION 3 contains editing marks as if the document has not yet been finalized. Plaintiff denies that it executed VERSION 3. Further, Plaintiff argues that Defendants' filing of VERSION 3 with this Court "is a gross attempt to work a fraud on this Court by substituting pages of a document which was never fully negotiated or duly executed by Plaintiff."

The Court must determine in deciding upon Defendants' Motions to Compel Arbitration whether the parties agreed to arbitrate the dispute in question. <u>Am. Heritage</u>, 321 F.3d at 537. In making this determination, the Court first must decide whether there is a valid agreement to arbitrate

between the parties. Id. Here, Plaintiff alleges that the parties did not agree to arbitrate the dispute because the Assignment Agreement was never executed. Specifically, Plaintiff contends Defendants fraudulently substituted pages of a document which was never fully negotiated or duly executed by Plaintiff. Where a party to a purported arbitration agreement attacks the very existence of the agreement, it is for the Court to decide whether the agreement was formed, not the arbitrator. Will-Drill Resources, Inc. v. Samson Resources Co., 352 F.3d 211, 216 (5th Cir. 2003) ("[W]e implicitly rejected the argument [in Jolley v. Welch, 904 F.2d 988 (5th Cir. 1990)] that the forgery issue should have been presented to the arbitrator, and was improperly before the district court.").

State-law contract claims like fraud or forgery may invalidate arbitration agreements. 9 U.S.C. § 2; Masco Corp. v. Zurich American Ins. Co., 382 F.3d 624, 628 (6th Cir. 2004); Oprals on Ice Lingerie v. Bodylines, Inc., 320 F.3d 362, 370 (2d Cir. 2003); Chastain v. Robinson-Humphrey Co., Inc., 957 F.2d 851, 854 (11th Cir. 1992) ("If a party has not signed an agreement containing arbitration language, such a party may not have agreed to submit grievances to arbitration at all. Therefore, before sending any such grievances to arbitration, the district court itself must first decide whether or not the non-signing party can nonetheless be bound by contractual language.").

Recently in Flemming v. Montgomery, Judge Pepper noted that "[t]he court has been unable to locate clear Fifth Circuit precedent regarding the mechanics as to how the court is to determine the factual issues of whether the signature on the subject arbitration agreement was forged." 2008 WL 2783281, *1(N.D. Miss July 15, 2008). Presently, this Court now is faced with the same dilemma. In Jolley v. Welch, the district court referred the forgery issue to the magistrate judge who in turn determined that the party asserting arbitration did not produce into evidence an agreement at all. 904 F.2d at 993. The district court agreed and ruled that the party asserting arbitration had the burden of

proving the existence of a valid arbitration agreement. Id. On appeal, the party seeking arbitration argued that the party alleging forgery had the burden of proving forgery and that the district court erred in referring the matter of forgery to the magistrate because the Federal Arbitration Act requires that a claim of fraud in the inducement may not be passed on by a federal court. Id. at 993-94. The Fifth Circuit held that the district court committed no error in declining to compel arbitration because the district court was unable to determine whether the parties agreed to arbitrate the dispute, given no agreement was produced by the party asserting arbitration. Id. The Fifth Circuit, however, did not comment on the propriety of referring the matter to the magistrate judge.

Plaintiff asserts it is entitled to a jury trial to determine whether there is a valid arbitration agreement. Title 9 U.S.C. § 4 provides in pertinent part:

> If the making of the arbitration agreement be in issue, the court shall proceed summarily to trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury finds that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury finds that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

Pursuant to 9 U.S.C. § 4, the Court concludes that Plaintiff is entitled to a separate trial to determine whether VERSION 3 constitutes a valid executed agreement, i.e., Fit Express executed the document authorizing arbitration. Accordingly, if the jury determines that VERSION 3 is not a valid executed agreement, then the Court must rule there is no arbitration agreement and that Plaintiff's claims should not be compelled to arbitration. However, if the jury finds that VERSION 3 is a valid

11

executed agreement, then Defendants should refile their motion to compel arbitration.

Although this Court grants Defendants' Motion to Compel Arbitration as to Count II of the Complaint, arbitration shall be stayed pending the Court's determination of the validity of VERSION 3. In Count II of the Complaint, Fit Express alleges The Circuit breached the MSMD Agreement by failing to meet the quota requirements. In response, The Circuit claims it has not breached the MSMD Agreement because the quota requirements were lowered by the Assignment Agreement. However, due to the fact the Assignment Agreement's validity is disputed, arbitration of Count II is stayed pending determination of the Agreement's validity.

## IV. Conclusion

Based on the foregoing analysis:

(1) Defendants' Motion to Dismiss the Complaint [13], which this Court construes as one for summary judgment pursuant to Federal Rule of Civil Procedure 56 is DENIED without prejudice. Defendants will be allowed to reassert its motion for summary judgment at the close of discovery.

(2) Defendants' Motion to Dismiss Plaintiff's Amended Counterclaims [32] is DENIED.

(3) Defendants' Motion to Compel Arbitration of the Complaint [13] is GRANTED as to COUNT II for breach of contract but DENIED as to the remaining claims; however arbitration of Count II is STAYED pursuant to the terms of this opinion.

(4) Defendants' Motion to Compel Arbitration of Plaintiff's Amended Counterclaims [32] is DENIED.

(5) Because Plaintiff's Counterclaims were amended, Defendants' previously filed Motion to Dismiss and Motion to Compel Arbitration [23] is DENIED AS MOOT.

(6) Plaintiff's Motion for Leave to File Surreply to Defendants' Motion to Dismiss and

Motion to Compel Arbitration [20] is GRANTED.

(7) There shall be a jury trial limited to the issue of whether VERSION 3 constitutes a valid executed agreement.

(8) All issues not pertaining to the validity of VERSION 3 are hereby STAYED until resolution of the matter by the jury.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED this the 29th day of September 2008.

                                                    /s/ Sharion Aycock
                                            **U. S. DISTRICT COURT JUDGE**